ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| MUNICIPIO AUTONOMO DE SAN JUAN<br><br>Recurrida<br><br>v.<br><br>JFM INC. h/n/c KRAZY FIRE Lounge, JOSÉ FERNANDO MELÉNDEZ, BANGEL INVESTMENT, INC.<br><br>Peticionaria | **TA2025CE00029** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2025CV01881<br><br>Sobre: Injunction, Art. 14.1 Ley 161 de 2009 |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 10 de julio de 2025.

Comparecen ante este foro, JFM Inc. h/n/c Krazy Fire Lounge ("parte peticionaria") y nos solicitan que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 12 de junio de 2025. Mediante el referido dictamen, el foro primario denegó la solicitud de desestimación presentada por la parte peticionaria.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el auto de *certiorari*.

## I.

El 9 de marzo de 2025, el Municipio Autónomo de San Juan (Municipio o "parte recurrida") presentó una *Petición* al amparo del Artículo 14.1 de la Ley Núm. 161-2009 (*injuction* estatutario) del 1 de diciembre de 2009, mejor conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico* (23 LPRA sec. 9024).[1] En

---

[1] *Petición,* entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

esencia, alegó que el 16 de febrero de 2025, oficiales de la Oficina de Permisos del Municipio intervinieron en el local de los peticionarios, y encontraron que el negocio estaba en violación a las condiciones del *Permiso Único*[2] para el cual había sido aprobado. Arguyó que, la renovación del *Permiso* no lo evalúa la Oficina de Permisos del Municipio, sino la Oficina de Gerencia de Permisos (OGPe). No obstante, mencionó que la OGPe aprobó la renovación sujeto a varias inspecciones, de las cuales, al momento de presentar la *Petición*, estaba pendiente la del Departamento de Salud. Por consiguiente, solicitó fuera emitido un *injuction* preliminar y permanente, ordenando la revocación del *Permiso Único* ante su incumplimiento con la Ley.

Luego de varias incidencias procesales, el 2 de abril de 2025, la parte peticionaria presentó una *Solicitud de Desestimación*.[3] Mediante la cual, expresó que, como consecuencia de la inspección del personal de la Oficina de Permisos del Municipio, les emitieron un Boleto de Multa Núm. 002760. Por consiguiente, solicitaron una reconsideración del boleto, agotando el remedio por la vía administrativa. Añadieron que, estando pendiente la vista administrativa para atender la reconsideración, el Municipio radicó la *Petición* de epígrafe. Así pues, alegaron que el recurso ante el foro primario era prematuro debido a que se encontraban agotando los remedios por la vía administrativa.

---

[2] Según surge de la *Petición*, el *Permiso Único* 2021-352583-PU-250633, fue emitido a favor de "*JMF Inc.*" para un negocio y/o proyecto llamado "*Krazy Fire Lounge*" para la operación de una "cafetería con ventas de bebidas alcohólicas al detal, venta de cigarrillos, cuatro (4) máquinas de entretenimiento para adultos y música en vivo."
[3] *Solicitud de Desestimación*, entrada núm. 21 en SUMAC.

En la misma fecha, el foro primario notificó una *Orden*, solicitándole al Municipio que replicara a la moción de desestimación.[4]

El 3 de abril de 2025, el Municipio presentó su *Moción en Oposición a Solicitud de Desestimación*.[5] En esta, esbozó que el Artículo 14.1 de la Ley 161-2009, *supra*, establece que "una parte adversamente afectada puede presentar una petición ante un Tribunal de Justicia bajo dicha disposición legal, no empece a que se hubiere presentado una querella en torno a los "mismos hechos" ante un Municipio Autónomo." Por ello, sostuvo que no tenía deber alguno en agotar el remedio administrativo previo a la presentación de la *Petición*.

Evaluadas los alegaciones de las partes, el 12 de junio de 2025, el foro primario notificó la *Resolución* recurrida.[6] Mediante la cual, concluyó que no procedía la desestimación de la *Petición*. Recalcó que, el Artículo 14.1 de la Ley Núm. 161-2009, *supra*, dispone que la presentación de un recurso extraordinario ante el Tribunal priva automáticamente de jurisdicción al foro administrativo sobre la *Querella* correspondiente. Así pues, denegó la moción de desestimación de los peticionarios, y señaló fecha para la vista en su fondo.

Inconformes, el 24 de junio de 2025, la parte peticionaria instó el presente recurso de *certiorari* y señaló los siguientes errores:

> 1) ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE UN INJUNCTION AL AMPARO DEL ART. 14.1 DE LA LEY 161-2009 TIENE EL EFECTO DE PARALIZAR EL AGOTAMIENTO DE LA VIA ADMINISTRATIVA EFECTIVAMENTE EN CURSO.

---

[4] *Orden*, entrada núm. 25 en SUMAC.
[5] *Moción en Oposición a Solicitud de Desestimación*, entrada núm. 29 en SUMAC.
[6] *Resolución*, entrada núm. 37 en SUMAC.

2) ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONTINUAR CON UN PROCEDIMIENTO QUE SE ENCUENTRA ANTE EL TRIBUNAL DE APELACIONES EN EL CASO NÚM. KLRA202500353.

El 30 de junio de 2025, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción*, en la cual solicitó la paralización de los procedimientos ante el foro primario. En la misma fecha, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* a la moción.

De igual forma, emitimos una *Resolución* concediéndole a la parte recurrida el término de diez (10) días, desde la fecha de la presentación del recurso para que presentara su alegato en oposición.

El 7 de julio de 2025, el Municipio presentó su *Alegato en Oposición*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

## II.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 212 DPR 194 (2023). Véase, además: *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez*, supra. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, supra. No obstante, la discreción judicial para expedir o no el

auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez*, supra.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. *Scotiabank of PR v. ZAF Corp.*, 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez*, supra. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional,

debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, nuestro Tribunal Supremo ha reiterado que la discreción significa poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad." *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

En el caso de autos, la parte peticionaria señaló dos (2) errores por el foro primario al emitir el dictamen recurrido. En su primer señalamiento de error alega que incidió el foro primario al resolver que un *injuction* al amparo del Artículo 14.1 de la Ley Núm. 161-2009, *supra*, tiene el efecto de paralizar el agotamiento de la vía administrativa. Mientras que, en su segundo señalamiento plantea que erró el foro *a quo* al continuar con el caso, a pesar de haber un recurso pendiente ante este Tribunal (KLRA202500353).

Por su parte, el Municipio reitera que el propio Artículo 14.1 de la Ley 161-2009, *supra*, dispone explícitamente que no es necesario agotar el procedimiento administrativo de querella, previo a la presentación de una causa de acción bajo la referida

disposición legal. Por ello, alegan que el foro primario ostenta la jurisdicción para atender la petición y celebrar una vista a tenor con el Artículo 14.1 de la Ley 161-2009, *supra*, y la existencia de un proceso administrativo de querella ante el Municipio, en nada le impide al foro recurrido conceder los remedios solicitados.

Luego de considerar los planteamientos formulados por la parte peticionaria, así como la postura expuesta por la parte recurrida en su alegato en oposición, resolvemos abstenernos de ejercer nuestra facultad revisora. Por lo que, rehusamos intervenir y variar el dictamen emitido por el foro primario.

Así pues, evaluado el recurso bajo las disposiciones establecidas en la Regla 40 de nuestro Reglamento, *supra*, concluimos que la actuación del foro primario no es arbitraria, ni constituye un abuso de discreción.

Por consiguiente, no se justifica nuestra intervención y procedemos a denegar el auto discrecional solicitado.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones